United States District Court
Southern District of Texas
**ENTERED**
August 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ANGEL BANDA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-060 |
| | § | |
| LORIE DAVIS, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Jose Angel Banda's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Banda's "Petition"). Dkt. No. 1. It is recommended that the Court dismiss Banda's claims as time barred.

**I. Jurisdiction**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where Banda's state conviction was obtained. *See* 28 U.S.C. §§ 2241, 2254; *see also Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). As Banda was convicted in Cameron County, Texas, the Court has jurisdiction over his claims. 28 U.S.C. § 124(b)(5); Dkt. No. 1 at 2.

**II. Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), a federal court can only grant habeas relief

under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] to a defendant convicted in state court, if the state's adjudication of his constitutional claims was: (1) contrary to, or involved an unreasonable application of clearly established federal law, as established by the Supreme Court; or (2) based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). A state court's decision is contrary to clearly established federal law if that court applied a rule contradicting the governing law as set forth by the Supreme Court, or if it reached a different result from those cases on "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). When a state court decision applies the correct Supreme Court rule to the facts of a particular case, a reviewing court must determine whether the state court's application of law was objectively unreasonable. *See id.* at 409-11.

A reviewing court cannot issue the writ simply because it finds that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, that application must be unreasonable as well. *Id.* at 411. Courts determine reasonableness by determining whether no "fairminded jurists could disagree" as to the application of the arguments and theories supporting the state court's decision to the applicable law. *See Harrington*, 562 U.S. at 102. The standard is "difficult to meet" because "it was meant to be." *Id.*

> As amended by AEDPA, § 2254(d) stops short of imposing a complete
> bar on federal court relitigation of claims already rejected in state

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

proceedings. It preserves authority to issue the writ in cases where there is *no possibility fairminded jurists could disagree* that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," *not a* substitute for ordinary error correction through appeal.

*Id.* at 102-03. (emphasis added) (internal citations omitted).

Further, only the state court's "ultimate legal conclusion" is reviewed for unreasonableness. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). AEDPA's standard of review applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent][,]" even if that state court fails to cite or is unaware of such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*). Finally, a state court's factual findings are presumed correct unless a petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness also applies to unarticulated findings necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

## III. Procedural History

On August 17, 2010, a jury found Jose Angel Banda guilty of Aggravated Assault. Dkt. No. 10-23 at 44. Judgment was entered on September 13, 2010. *Id.* at 46. Banda directly appealed to the Court of Appeals, Thirteenth District of Texas, where, on January 19, 2012, the court affirmed the judgment of the district court in a memorandum opinion. *See generally* Dkt. No. 10-1. Banda filed a petition for discretionary review to the Texas Court of Criminal Appeals, which the

court denied on June 13, 2012. Dkt. No. 10-3 at 1. Banda did not seek certiorari review by the United States Supreme Court. *See* Dkt. No. 1 at 3.

On February 10, 2013, Banda filed for habeas relief in the Texas Court of Criminal Appeals alleging three grounds for relief. *See* Dkt. No. 10-23 at 6-15. On April 2, 2013, a Texas district court issued its recommendation that Banda's claims be denied. *See id.* at 27. On June 19, 2013, the Texas Court of Criminal Appeals denied the claims without written order or hearing based upon the findings of the district court. *Id.* at 2. Banda filed his instant Petition on November 19, 2015. Dkt. No. 1. Banda's Petition was transferred from the Houston division to this Court by United States District Judge Gary Miller. Dkt. No. 6.

## IV. Discussion

Respondent argues that Banda's claims are time-barred by the AEDPA's one-year statute of limitations. *See* Dkt. No. 11. Specifically, Respondent argues that Banda's statute of limitations period was extended until November 21, 2015, because his state habeas petition tolled the limitations period until the state petition was decided. Dkt. No. 11 at 8. However, Respondent also argues that Banda does not qualify for equitable tolling because Banda failed to show: (1) a diligent pursuit of his rights; and (2) that some extraordinary circumstance stood in his way that prevented a timely filing. *Id.*

A petitioner seeking equitable tolling has the burden of showing that an extraordinary circumstance stood in his way and that he diligently pursued his

rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The level of diligence required by the petitioner must be reasonable. *Holland v. Florida*, 560 U.S. 631, 653 (2010). Finally, to constitute an extraordinary circumstance based upon an attorney's actions, the behavior must be egregious and extraordinary. *See Henderson v. Thaler*, 626 F.3d 773, 778 (5th Cir. 2010). It cannot be "a garden variety" behavior constituting even excusable neglect. *Id.*

Banda alleges that his Petition was untimely because he was "unable to obtain supporting documents from the Court or my lawyer to perfect the appeal, I have spend years trying to obtain document." Dkt. No. 1 at 9 (errors in original). These conclusory allegations do not support a finding of an extraordinary circumstance. First, Banda does not provide a reason to believe that these documents were necessary to file his Petition. For example, Banda was able to file his state petition with these same claims without these documents. *See* Dkt. No. 10-23 at 5-17. Second, attorney neglect or ineffective assistance does not normally constitute an extraordinary circumstance. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (not finding an extraordinary circumstance when the record showed that petitioner received competing advice from his lawyers as to when to file his petition); *Manning v. Epps*, 688 F.3d 177, 184 n.2 (5th Cir. 2012) (noting that "complete attorney abandonment" can constitute an extraordinary circumstance, but that the petitioner must still be diligent in his pursuit of his rights).

Further, apart from his conclusory statement, Banda does not show that he diligently pursued his rights. For example, even assuming that Banda required a

particular document from his attorney or the state court, Banda did not provide evidence of his requests, the document itself, or even a description of the document. *See generally* Dkt. Nos. 1, 2. Without these, the Court cannot evaluate the reasonableness of Banda's diligence or whether he actually pursued his rights. Finally, Banda did not file a reply to Respondent's arguments, indicating a lack of diligence even after filing his claims. For these reasons, Banda has not shown that his claims are subject to equitable tolling, and they must be dismissed.

### III. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case as Banda has not made a substantial showing of the denial of a constitutional right.

## IV. Recommendation

It is recommended that the Court dismiss Banda's claims as time-barred. It is further recommended that the Court deny a certificate of appealability.

## V. Notice to Parties

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 9th day of August, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge